(38 Misc. Rep. 787.)

### SOPHIAN v. METROPOLITAN ST. RY. CO.

### BRADSNEIDER v. SAME.

(Supreme Court, Appellate Term. June, 1902.)

1. STREET RAILWAY—COLLISION WITH TEAM—NEGLIGENCE.

A prima facie case of negligence is made out, and no contributory negligence shown, by testimony that about daylight the driver of a team, on which there was a light, turned his horses across street car tracks at a street crossing, seeing a street car about a block away, and had got the horses and about half the wagon across the tracks, when the car, coming with great speed and no warning, struck it.

Appeal from municipal court, borough of Manhattan, Ninth district.

. Two actions, one by Morris Sophian, and the other by Abram Bradsneider, against the Metropolitan Street Railway Company. From a judgment for defendant, plaintiffs appeal. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Bernstein, Horkimer & Rubenstein, for appellants.

G. Glenn Worden, for respondent.

PER CURIAM. These two actions were brought to recover damages for injuries to personal property, resulting from the alleged negligence of the defendant. The damaged property consisted of a coal truck owned by the plaintiff Sophian, and a pair of horses owned by the plaintiff Bradsneider. The two cases were tried as one, by stipulation between the parties. At the close of the plaintiffs' case the defendant rested its case, and, without offering any testimony, moved for a dismissal of the complaint. Decision therein was reserved, and subsequently judgments were rendered in favor of the defendant. The testimony of the plaintiffs shows that about daylight on the morning of December 28, 1901, the driver of the wagon was about to cross defendant's tracks on Lexington avenue, at Thirty-Second street; that he saw a car coming down at about Thirty-Third street; that he had a lamp on his wagon; that, when the car was at or near the corner of Thirty-Third street, he turned his horses across the tracks at Thirty-Second street, and had got the horses and about one-half of the wagon across the track when the car came along with great speed, and, without warning, struck the hind part of the wagon, causing the injuries complained of. The driver is corroborated in some of the details by the testimony of a policeman and a newsboy who saw the accident. The testimony in the case is sufficient, if we give to the plaintiffs, as we must, the benefit of the most favorable inferences to be drawn therefrom, to make out a prima facie case of negligence on the part of the defendant. The accident occurred at a street crossing, where the plaintiffs had as much right to the use of the street as did the defendant. Neither did the evidence disclose any negligence on the part of the plaintiffs' driver. "One is not negligent in attempting to cross a street railway track when an approaching car is 75 feet distant [in the case at bar it was shown to have been

one-half a block away]. The motorman of a street car has the duty of approaching a crossing with the car under control." Schoener v. Railway Co., 72 App. Div. 23, 76 N. Y. Supp. 157. It was error to render a judgment in favor of the defendant under the facts and circumstances shown in this case.

Judgment reversed and new trial granted, with costs to appellants to abide event.